

*POSTED ON WEBSITE*
*NOT FOR PUBLICATION*

FILED
JUL 2 5 2008
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>RICHARD KEMP,<br><br>        Debtor.<br>_____<br>DANIEL W. SMITH,<br><br>        Plaintiff,<br><br>v.<br><br>RICHARD KEMP,<br><br>        Defendant.<br>_____ | Case No. 07-23822-D-13<br><br><br><br><br><br>Adv. Pro. No. 07-2276-D<br><br>Docket Control No. DWS-1<br><br><br>Date: July 22, 2008<br>Time: 1:00 p.m.<br>Dept: D |

### MEMORANDUM DECISION

**This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion.**

On May 27, 2008, the plaintiff herein, Daniel W. Smith, filed a Motion to Amend Complaint, bearing Docket Control No. DWS-1 (the "Motion"). For the reasons set forth below, the court will deny the Motion.

### I. INTRODUCTION

Richard Kemp, the defendant in this adversary proceeding, commenced his bankruptcy case as a chapter 7 case on May 22, 2007.[1] Pursuant to Fed. R. Bankr. P. 4004(a) and 4007(c), the

---

1. Unless otherwise indicated, all Code, chapter, section and Rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9036, as enacted and promulgated after the effective date (October 17, 2005) of the Bankruptcy Abuse Prevention and
(continued...)

Case 07-02276    Filed 07/25/08    Doc 44

deadline for objecting to the defendant's discharge, pursuant to 11 U.S.C. § 727(a), and for objecting to the dischargeability of a debt, pursuant to § 523(a)(2) (among other subsections), was August 28, 2007.  The plaintiff does not dispute that he received notice of this deadline.

On August 28, 2007, the plaintiff filed his complaint commencing this adversary proceeding, in which he asserted causes of action under § 727(a)(2)(A), (a)(4)(A), and (a)(5), and sought to deny the defendant's chapter 7 discharge.  The defendant filed an answer on September 18, 2007.

On October 1, 2007, on the defendant's application, the bankruptcy case was converted to a case under chapter 13.  The first date set for the meeting of creditors in the converted case was November 21, 2007.  Thus, pursuant to Fed. R. Bankr. P. 4007(c), the deadline for objecting to the dischargeability of a debt was January 21, 2008.[2]  The plaintiff does not dispute that he received notice of this deadline.

The plaintiff did not file another complaint against the defendant or seek to amend his original complaint at any time on or before January 21, 2008.

On May 27, 2008, the plaintiff filed the Motion, by which he seeks to amend his complaint to assert that his claim against the defendant is nondischargeable under § 523(a)(2)(A).  The court

---

1.(...continued)
Consumer Protection Act of 2005, Pub. L. 109-8, 119 Stat. 23 (2005) ("BAPCPA").

2. The deadline would have been January 20, 2008; however, that day was a Sunday, and thus, the deadline was extended to January 21, pursuant to Fed. R. Bankr. P. 9006(a).

1  has considered the Motion, supporting declaration, proposed
2  amended complaint, and memorandum of points and authorities, all
3  filed May 27, 2008, the defendant's opposition, filed June 30,
4  2008, the plaintiff's reply, filed July 14, 2008, and the
5  arguments of counsel at the hearing, held July 22, 2008.

## II. ANALYSIS

7  This court has jurisdiction over the Motion pursuant to 28
8  U.S.C. §§ 1334 and 157(b)(1). The Motion is a core proceeding
9  under 28 U.S.C. § 157(b)(2)(I) and (J).

10  As a general rule, amendments to pleadings are to be
11  liberally allowed in view of the policy favoring determination of
12  disputes on their merits. See Fed. R. Bankr. P. 7015,
13  incorporating Fed. R. Civ. P. 15(a)(2); Magno v. Risqby (In re
14  Magno), 216 B.R. 34, 38 (9th Cir. BAP 1997), citing Forsyth v.
15  Humana, Inc., 114 F.3d 1467, 1482 (9th Cir. 1997), United States
16  v. Webb, 655 F.2d 977, 979 (9th Cir. 1981). This is particularly
17  true in discharge cases, where the time to object is relatively
18  short. Magno, 216 B.R. at 38, citing In re Gunn, 111 B.R. 291,
19  293 (9th Cir. BAP 1990).

20  However, because a complaint to determine the
21  nondischargeability of a debt, such as the plaintiff's proposed
22  amended complaint, must be filed within 60 days after the date
23  first set for the meeting of creditors (Fed. R. Bankr. P.
24  4007(c)), and because that date has long since passed, the
25  amended complaint will be time-barred unless it relates back to
26  the date of the original complaint.

27  The test for relation back is whether the amendment "asserts
28  a claim or defense that arose out of the conduct, transaction, or

occurrence set out -- or attempted to be set out -- in the original pleading . . . ."[3]  The plaintiff argues that the test does not require that the amendment contain "an exact replication of the facts stated in the original complaint,"[4] but that the focus instead should be on whether the evidence expected to be introduced in the trial of the amended complaint could have been introduced under the original complaint, liberally construed.

The plaintiff contends that "nearly all of the evidence that would be submitted in support of the amended cause of action could and would be introduced in support of the original complaint."[5]  He provides five examples of facts he would need to prove in order to support either complaint.[6]  However, these facts bear solely on the issues of the existence, validity, and amount of the plaintiff's claim against the defendant.  They are not relevant to whether the claim should be declared nondischargeable or to whether the defendant's discharge should be denied.

/ / /

---

3. Fed. R. Bankr. P. 7015, incorporating Fed. R. Civ. P. 15(c)(1)(B).

4. Plaintiff's Memorandum of Points and Authorities in Reply to Opposition to Motion to Amend Complaint ("Reply"), at 2:4-7, citing In re Dean, 11 B.R. 542, 545 (9th Cir. BAP 1981).

5. Reply, at 3:13-15.

6. These are (1) the existence of an attorney-client relationship between the plaintiff and the defendant, (2) the fact of the plaintiff's representation of the defendant in a breach of contract action, (3) the fact of the plaintiff's representation of the defendant in a trespass action, (4) the specific work performed by the plaintiff for the defendant in the two lawsuits, and (5) the defendant's statements to the plaintiff that he was pleased with the plaintiff's services and would pay for them.  Reply, at 3:13-24.

By contrast, the critical facts, those that would be needed to prove the plaintiff's § 523(a)(2)(A) claim, are entirely different from those needed to prove the § 727(a) claims in the original complaint. To prevail on the § 523(a)(2)(A) claim, the plaintiff would need to prove that the defendant represented he would pay the plaintiff for his legal services, that when the defendant made those representations, he knew he would be financially unable to pay, that the defendant made those representations with the intent to deceive the plaintiff, so he would continue to represent the defendant, and that the plaintiff justifiably relied on the defendant's assurances of payment when he continued to represent the plaintiff in the lawsuits.

None of these facts would come into play in the resolution of the original complaint, and none was alleged in the original complaint. The original complaint does not even allege the nature of the plaintiff's claim as an attorney's fee claim. The complaint does not allude in any way to the plaintiff's status as an attorney, to his representation of the defendant, or to the defendant's promise to pay for his services, let alone to the critical fact of misrepresentation of the defendant's ability and intention to pay the plaintiff.

True, fraud is alleged in the original complaint, but it is an entirely different fraud from that alleged in the amended complaint. In the original complaint, the defendant is alleged to have transferred certain property to his relatives with the intent to hinder, delay, or defraud his creditors. Similarly, the misrepresentation alleged in the original complaint is the failure to schedule as an asset certain payments made to the

defendant by his brother; it has nothing to do with statements made to the plaintiff concerning his accruing attorney's fee claim. Finally, the original complaint alleges the defendant's failure to satisfactorily explain the disposition of a large sum of money; as with the others, that allegation has no relation to the defendant's failure to pay the plaintiff.

This case falls squarely within the Magno holding, and the court agrees with and applies herein the reasoning of the Bankruptcy Appellate Panel in that case. In Magno, the original complaint sought a denial of discharge under § 727(a)(2)(A) and (a)(4)(A), alleging that the defendant had fraudulently concealed assets with the intent to hinder, delay, or defraud creditors. The original complaint stated that the plaintiff had a claim against the defendant, but did not allege the background of the claim. The proposed amended complaint sought a determination of nondischargeability under § 523(a)(6), alleging that the plaintiff's claim was based on a wrongful death judgment against the defendant.

> Rigsby's original complaint only stated that they held a $120,040 claim. The complaint did not provide any facts concerning the nature of the claim or what conduct by Debtor caused the debt. In sum, the complaint did not allege any facts which would have proven the required elements of a § 523(a)(6) action.

Magno, 216 B.R. at 39.

The Panel held that mere mention of the claim in both complaints was insufficient to permit the amended complaint to relate back to the original complaint. Id. at 39-42.

The Panel emphasized that permitting relation back in these circumstances would violate notice pleading requirements.

Case 07-02276    Filed 07/25/08    Doc 44

> Although Rigsby contends that the fact of the debt itself was the same, a liberal amendment policy that would not require a plaintiff to plead any facts except to mention the words "claim" and "discharge" would eviscerate the pleading requirements. [Citations] The purpose of notice pleading is to "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'"

Magna, 216 B.R. at 40, quoting Classic Auto Refinishing v. Marino (In re Marino), 37 F.3d 1354, 1357 (9th Cir. 1994), in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957).

Thus, "the plaintiff must at least set forth enough details so as to provide defendant and the court with a fair idea of the basis of the complaint and the legal grounds claimed for recovery." Acequia, Inc. v. Clinton (In re Acequia, Inc.), 34 F.3d 800, 814 (9th Cir. 1994), quoting Self Directed Placement Corp. v. Control Data Corp., 908 F.2d 462, 466 (9th Cir. 1990).

In this case, as in Magna, the facts alleged in the original and amended complaints are clearly distinct, overlapping only insofar as both mention the existence of the plaintiff's claim. However, "simply mentioning a [. . .] claim [. . .] does not give any indication of the nature of that claim or the types of causes of action which can be asserted from that claim." Magno, 216 B.R. at 40. The plaintiff's original complaint alleged no facts that would prove the required elements of a § 523(a)(2) claim, and thus, did not put the defendant on notice that the plaintiff was contemplating such a claim.

Permitting the amended complaint to relate back to the original complaint would eviscerate notice pleading requirements and Fed. R. Bankr. P. 4007(c) as well, for under the plaintiff's theory, virtually every § 523(a) complaint could be amended to

add a § 727(a) claim, and vice versa, since both the original and amended complaints would almost certainly always mention the fact of the plaintiff's claim.

### III. CONCLUSION

Because the facts alleged in the plaintiff's proposed amended complaint are entirely different from those alleged in his original complaint, the amended complaint would not relate back to the original. It follows that the amended complaint would be subject to dismissal because the deadline to object to dischargeability has passed, and thus, the amendment would be futile. Accordingly, the Motion will be denied. See Partington v. Bugliosi, 56 F.3d 1147, 1162 (9th Cir. 1995) [motion to amend may be denied where amendment would be futile].

The court will issue an appropriate order.

Dated: July 25, 2008

ROBERT S. BARDWIL
United States Bankruptcy Judge

## CERTIFICATE OF MAILING

I, Andrea Lovgren, in the performance of my duties as Deputy Clerk to the Honorable Robert S. Bardwil, mailed by ordinary mail a true copy of the attached document to each of the parties listed below:

Office of the United States Trustee
501 "I" Street, Suite 7-500
Sacramento, CA 95814

Lawrence Loheit
P.O. Box 1858
Sacramento, CA 95812-1858

Daniel Smith
3610 American River
Sacramento, CA 95864

Richard Kemp
3241 Noblessa Way
Rancho Cordova, CA 95670

Mark Wolff
8861 Williamson Dr., #30
Elk Grove, CA 95624-7920

DATE: July 25, 2008

_____
Deputy Clerk